**William D. RAMSEY, Appellant,**

v.

**J. O. TYLER and J. O. Tyler, Jr., Appellees.**

Court of Appeals of Kentucky.

Oct. 4, 1957.

Beverly White, Winchester, for appellant.

Alton S. Payne, Winchester, for appellees.

CLAY, Commissioner.

This suit resolves itself into a matter of accounting. The claims and counterclaims were tried before a jury, but the court directed the verdict and both parties object to certain allowances made.

Defendant Ramsey was a livestock dealer and entered into a written contract for the grazing of his cattle with plaintiffs Tyler on the latters' farm. The situation became involved when the defendant failed to pay the agreed rental; the cattle broke down a fence and began eating the wrong hay; and the parties began to litigate. Each party either failed to keep or destroyed his records with respect to the number of cattle, the amount of feed and other items. It is sometimes difficult to understand how businessmen expect a court to conduct their business for them when they are unable to do it for themselves.

In March 1955, the defendant having failed to pay all of the agreed rent, and having refused to pay other claimed items, the plaintiffs attached some 50 or 60 head of cattle then on plaintiffs' premises. The plaintiffs kept the cattle on their property as bailees of the sheriff. This attachment suit was subsequently dismissed, but the cattle were again attached in another proceeding. This attachment was dismissed by the court. In the meantime the defendant had filed suit for an injunction, and when the plaintiffs came into that action, they again attached the cattle. The cattle remained on plaintiffs' farm until January 1956.

On this appeal defendant contests (1) the allowance of approximately $2,400 to the plaintiffs for grazing the cattle from March 1, 1955 (the time of the first attachment) until January 4, 1956, when they were sold by agreement; (2) the disallowance of defendant's claim for depreciation in the value of the cattle during this period; and (3) the allowance for the value of certain hay allegedly fed by plaintiffs to the cattle.

Plaintiffs object to the failure of the court to allow them approximately $1,100, which they claim to be the value of a haystack wrongfully destroyed by the cattle.

Defendant is technically correct in contending that under KRS 425.295 any "necessary expenses" of keeping the attached cattle should have been allowed to

the sheriff rather than the plaintiffs. However, the sheriff has made no claim and the plaintiffs would have been ultimately entitled to reimbursement for these expenses.

■ Defendant claims that since the first two attachments were wrongful, the plaintiffs should be charged with $1,211.70 of the cost of keeping the cattle as bailee of the sheriff. However, since defendant had initially engaged the plaintiffs to graze these cattle, and since defendant ultimately realized the benefit of their upkeep, we are not inclined to disturb the trial court's ruling with respect to this item. The defendant was allowed substantial other expenses incurred by reason of the attachment proceedings.

■ With respect to defendant's claim for depreciation in the value of the cattle, we do not think this item was sufficiently proved. On the other hand, plaintiffs' claim for hay consumed was.

The trial court properly disallowed plaintiffs' claim of $1,100 for the destroyed haystack.

The record shows both parties at fault. We are of the opinion that the trial court, acting as the Chancellor, reached an equitable solution of the conflicting claims, and we will not disturb this judgment.

The judgment is affirmed.